IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earl Foster,                              :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 1805 C.D. 2016
                                          : Submitted: February 17, 2017
Pennsylvania Department                   :
of Corrections,                           :
                                          :
                    Respondent            :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY JUDGE WOJCIK                              FILED:  April 7, 2017


          Earl Foster (Requester) petitions *pro se* for review of the Final
Determination of the Office of Open Records (OOR) denying his appeal of the
Department of Corrections' (Department) denial of his request (Request) for a
copy of his "Written Judgment of Sentence Order" pursuant to the Right to Know
Law (RTKL).[1]  We affirm.

          Requester is an inmate at the State Correctional Institution at Dallas
(SCI-Dallas).  Certified Record (C.R.) Item 1.  On August 22, 2016, Requester
submitted his Request seeking "a true and correct copy of the "Written Judgment
of Sentence Order" containing "(1) the Signature of the Judge; (2) the Statute [he]
was sentenced under; and (3) the Statutory Authorization related to Docket No.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

CP-51-CR-0014680-2007." *Id.* On September 7, 2016, the Department's Open Records Officer (ORO) denied the request, stating that "[t]he record(s) that you requested do not currently exist in the possession of the [Department]." *Id.*

On October 4, 2016, Requester filed an appeal with OOR alleging that the document that the ORO sent was "misleading and self-serving" because he "was simply requesting a copy of the proper legal document that is required by law, that should have been in the possession of the [Department] to make [his] commitment lawful," and that "without such document [he is] being unlawfully held and detained." C.R. Item 1. In response, the Department asserted that Diane Yale, the Records Supervisor at SCI-Dallas, located a sentencing order in Requester's file on Form AOPC 2066 that was signed by the sentencing judge, and that "[t]o the extent the attached [order] is the requested record then this matter is moot." C.R. Item 3. The Department also provided the attestation of the Records Supervisor that the Department does not possess any other records that are responsive to his Request. *Id.*

On October 19, 2016, OOR issued the Final Determination denying Requester's appeal stating, in relevant part:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 ([Pa. Cmwlth.] 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 ([Pa. Cmwlth.] 2010). In the absence of any evidence that the Department has acted in bad faith or that the records do, in fact, exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 ([Pa. Cmwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 ([Pa. Cmwlth.] 2013)). Based on the evidence provided, the Department has met its burden of proof that the records requested do not exist

in the Department's possession, custody or control.[1] Accordingly, the appeal is **denied**.

\* \* \*

> [1]While the Department does not possess the requested sentencing order, there exists a common law right of access to judicial records. *Commonwealth v. Upshur*, 924 A.2d 642 (Pa. 2007). The common law right of access to public judicial records and documents arose from the presumption that judicial proceedings will be open to the public. As the Supreme Court has stated, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978) (footnotes omitted). The Pennsylvania Supreme Court has viewed the common law right of access as compelled by many of the considerations that underlie the presumption of public trials. *See Commonwealth v. Fenstermaker*, 530 A.2d 414, 417-18 (Pa. 1987). The records sought, if they exist, may be requested from the issuing court.

C.R. Item 4. Requester filed a timely petition for review.

On appeal,[2] Requester does not challenge OOR's Final Determination upholding the Department's response to his Request. Rather, Requester argues that: (1) the Department erred as a matter of statutory law when it accepted and committed him without a proper and legal sentencing order; (2) he is entitled to relief where the sentencing court failed to provide a proper sentencing order to the Department as required by law; and (3) the sentencing court erred as a matter of law in failing to state what statute authorized it to impose the sentence that he is now serving.[3] Petitioner's Brief at 4, 8-30. Based on the foregoing, Requester

---

[2] This Court's standard of review of OOR's Final Determination is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester's brief also contains the following disclaimer:

**(Footnote continued on next page…)**

3

asks this Court to "find that [his] Constitutional and Civil Rights are being violated by his continued unlawful and illegal detention and confinement in the custody of the [Department] without the proper and legal document that was/is required to make such a detention legal and **GRANT** [him] a **REMAND** of this matter to the [sentencing court] to file a **"Writ of Habeas Corpus Ad Subjiciendum"** in the true interest of justice." *Id.* at 31 (emphasis in original).

As this Court has explained:

> The RTKL is a statute that grants citizens, in certain specified circumstances, the right to obtain public records from government agencies, "in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), [*aff'd*, 75 A.3d 453 (Pa. 2013)]. If an individual requests a public record and a government agency denied the request, the individual can appeal the decision to the trial court or the OOR and then to this Court. *See* Sections 1101, 1301 and 1302 of the RTKL, 65 P.S. §§67.1101, 1301, and 1302.

---

**(continued…)**

> **INVOKING ALL OF THE ABOVE IT IS NOT AND WAS NOT THIS PETITIONER'S INTENTION OR AIM TO APPEAL THE FINDINGS OF THE [DEPARTMENT'S RTKL] OFFICE OR THE [OOR] STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR POSSESSION AND IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT, THE FACT OF THE MATTER IS THAT THE [DEPARTMENT'S] AFFIDAVIT SUPPORTS HIS CLAIMS.**

Petitioner's Brief at 30 (emphasis in original).

However, the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity. Indeed, our Supreme Court has held that the Post-Conviction Relief Act [(PCRA), 42 Pa. C.S. §§9541-9546,] is the exclusive state-law remedy for prisoners challenging sentences that are allegedly illegal. *Commonwealth v. Hall*, [771 A.2d 1232 (Pa. 2001)]. Because Requester does not contest the denial of his RTKL request and seeks relief beyond the purview of the RTKL, this Court has no basis upon which to disturb the OOR's final determination.

*Whitaker v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3-4 (footnotes omitted).[4] As a result, Requester cannot use the instant appeal as a vehicle to collaterally attack the sentencing court's judgment of sentence. *Id. See Moore*, 992 A.2d at 909-10 ("Moore also attempts to raise a due process challenge to his continued confinement . . . . However, an appeal from an OOR order denying Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration."); *Quarles v. Department of Corrections*, (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014), slip op. at 8-9 ("Like the petitioners in *Moore* and *Whitaker*, Requester here seeks to transform his RTKL appeal into a challenge to his ongoing incarceration. However, in *Moore* and *Whitaker*, we held that such relief was unavailable in a RTKL appeal. Accordingly, Requester's arguments regarding the legality of his

---

[4] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

5

sentence are not within the purview of the RTKL, and we will not consider Requester's claims in this RTKL appeal.") (footnote omitted). *See also Huntley v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1202 C.D. 2016, filed March 2, 2017), slip op. at 4-5 (quoting *Moore*, *Quarles* and *Whitaker*).[5]

Accordingly, OOR's final determination is affirmed.

 

MICHAEL H. WOJCIK, Judge

---

[5] Moreover, we cannot remand the matter to the sentencing court so that Requester can collaterally attack his judgment of sentence. There is simply no legal authority for this Court to remand this matter as Requester suggests. *Huntley*, slip op. at 5 n.5.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earl Foster,                                    :
                                                :
                    Petitioner                  :
                                                :
            v.                                  : No. 1805 C.D. 2016
                                                :
Pennsylvania Department                         :
of Corrections,                                 :
                                                :
                    Respondent                  :


O R D E R


AND NOW, this 7th day of April, 2017, the order of the Office of Open Records dated October 19, 2016, at No. AP 2016-1601, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge