IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell Reese,                        :
                Petitioner        :
                                            :
                v.                 :  No. 84 C.D. 2017
                                            :  Submitted:  July 14, 2017
Department of Corrections,             :
                Respondent        :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                     FILED: August 9, 2017


        Darrell Reese (Requester) petitions, *pro se*, for review of the December 27, 2016 final determination of the Office of Open Records (OOR) upholding the denial of his request for records from the Pennsylvania Department of Corrections (Department) pursuant to the Pennsylvania Right-to-Know Law (RTKL).[1]  We affirm.


        Requester is currently an inmate at the State Correctional Institution at Dallas (SCI-Dallas).  He submitted a RTKL request dated October 7, 2016, to the Department's Agency Open Records Officer (AORO) seeking a "copy of [his]

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

'Written Judgment of Sentence Order' which is to contain: (1) the Signature of the Judge; (2) the Statute I was sentence [sic] under and; (3) the Statutory Authorization which concerns Docket No. CP-51-CR-0100571-1998." (Certified Record (C.R.) Item 1 at 5.) In a letter dated November 14, 2016, the AORO notified Requester that his RTKL request had been denied because the requested records did not currently exist and that pursuant to Section 705 of the RTKL, 65 P.S. § 67.705, an agency is not required to create a record.[2]

Requester then appealed to the OOR arguing that the Department erred in stating that the requested records did not currently exist in the possession of the Department. In response, the Department submitted an attestation signed by Diane Yale, the Corrections Records Supervisor at SCI-Dallas, attesting in relevant part, "If the specific records requested above were in the possession of this Institution, they would be retained as official records in files within my custody. After a reasonable search, no responsive records exist within my custody, possession or control." (C.R. Item 3 at 3.) On December 27, 2016, the OOR issued a final determination denying Requester's appeal, reasoning as follows:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor T[ownship] Sch[ool] Dist[rict]*, 20 A.3d 515, 520-21 (Pa. C[mwlth]. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. C[mwlth]. 2010). In the absence of any competent evidence that the

[2] Section 705 of the RTKL specifically provides that "an agency shall not be required to create a record which does not currently exist." 65 P.S. § 67.705. *See also Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (holding that the Department was not required to create a record that did not exist in order to satisfy a RTKL request).

2

Department acted in bad faith or that records exist in the possession of the Department, 'the averments in [the affidavit] should be accepted as true.' *McGowan v. Pa. Dep[artment] of Env[ironmental] Prot[ection]*, 103 A.3d 374, 382-83 (Pa. C[mwlth]. 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. C[mwlth]. 2013)). Based on the evidence provided, the Department has met its burden of proving that no responsive records exist in the Department's possession, custody or control.

(C.R. Item 5 at 2-3.)[3] Requester then appealed to this Court.[4]

Requester does not challenge the OOR's final determination upholding the Department's denial of his RTKL request. His brief to this Court contains the following "Disclaimer," which explains:

INVOKING ALL OF THE ABOVE IT IS NOT AND WAS NOT THIS [REQUESTER]'S INTENTION OR AIM TO APPEAL THE FINDINGS OF THE PENNSYLVANIA DEPARTMENT OF CCORRECTIONS [sic] RIGHT-TO-KNOW LAW OFFICE OR THE PENNSYLVANIA OFFICE OF OPEN RECORDS STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR POSSESSION[.] IT HAS ALWAYS BEEN HIS

---

[3] Citing to *Commonwealth v. Upshur*, 924 A.2d 642 (Pa. 2007), the OOR also noted that the requested records, if they exist, could be requested from the issuing court under the common law right of access to judicial records.

[4] We independently review a determination of the OOR and may substitute our own findings of fact for that of the agency. *Moore*, 992 A.2d at 909 n.5 (citing *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth. 2010), *affirmed*, 75 A.3d 453 (Pa. 2013)). Moreover, we are "entitled to the broadest scope of review." *Moore*, 992 A.2d at 909 n.5 (citing *Bowling*, 990 A.2d at 820).

3

AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT. . . .

(Requester's Brief at 27.)[5] Requester argues that because the Department is not currently in possession of his sentencing order, it has no authority to detain him at SCI-Dallas and he is serving an illegal sentence. Therefore, Requester asks this Court to remand the matter to the Court of Common Pleas so that he can file a writ of habeas corpus.

This Court has held that an appeal from an OOR determination denying a "request for access to a public record is not the proper forum to challenge the constitutionality of [ ] continued incarceration." *Moore v. Office of Open Records*, 992 A.2d 907, 910 (Pa. Cmwlth. 2010).[6] In several recent cases almost identical to Requester's, inmates have similarly argued that their incarceration was illegal because the Department did not have copies of their sentencing orders in its possession. *See, e.g., Morrison v. Department of Corrections*, ___ A.3d ___ (Pa. Cmwlth. 2017); *Foster v. Pennsylvania Department of Corrections*, 159 A.3d 1020 (Pa. Cmwlth. 2017); *see also Fortune v. Department of Corrections*, (Pa. Cmwlth., No. 1765 C.D. 2016, filed June 27,

---

[5] Requester also specifies in his brief, "It should be duly noted that [Requester] is not appealing the decision of the DOC RTKL office, or the PA OOR partial denial of the request for said document, he is in fact challenging his confinement and detention." (Requester's Brief at 15.)

[6] In fact, our Supreme Court has held that the exclusive state-law remedy for inmates challenging sentences that are allegedly illegal is through the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. *See Commonwealth v. Hall*, 771 A.2d 1232 (Pa. 2001).

4

2017); *Whitaker v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013).[7] In each case, this Court affirmed the OOR's decision and held that the inmates were improperly attempting to use the RTKL to collaterally attack their criminal confinement.

Because Requester does not contest the denial of his RTKL request or provide evidence contradicting the Department's signed attestation, and because he seeks relief that is beyond the purview of the RTKL, this Court has no basis upon which to disturb the OOR's decision.

Accordingly, the final determination of the OOR is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[7] *Fortune* and *Whitaker* are unreported memorandum opinions and, thus, not binding precedent. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). However, they are persuasive given the substantial similarities to the current action.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darrell Reese,                                    :
                    Petitioner                    :
                                                  :
            v.                                    :  No. 84 C.D. 2017
                                                  :
Department of Corrections,                        :
                    Respondent                    :

# **O R D E R**

AND NOW, this 9<u>th</u> day of <u>August</u>, 2017, the final determination of the Office of Open Records in the above-captioned matter is hereby affirmed.

_____

DAN PELLEGRINI, Senior Judge