# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Saunders,                          :
                          Petitioner      :
                                          :
          v.                              :    No. 1221 C.D. 2016
                                          :    Submitted: April 13, 2017
Pennsylvania Department                   :
of Corrections,                           :
                          Respondent      :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED:  August 10, 2017**


          Lamont Saunders (Petitioner), acting *pro se*, petitions for review of a
Final Determination of the Office of Open Records (OOR), issued June 29, 2016,
which found that no further action was required of the Pennsylvania Department of
Corrections (Department) in regard to Petitioner's request under Pennsylvania's
Right-to-Know Law.[1]  Petitioner does not dispute the determination of the
Department or that of the OOR, but he instead seeks to challenge the legality of his
criminal confinement.  For the reasons set forth below, we affirm.

          Petitioner is an inmate incarcerated at the State Correctional
Institution at Dallas (SCI-Dallas).  Petitioner filed a Right-to-Know Law request
with the Department's Open Records Officer, seeking a copy of the "Written

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

Judgment of Sentence Order" for case number CP-51-CR-0700051-2003. (Reproduced Record (R.R.) at 1.) Petitioner sought a copy of the sentencing order with the judge's signature, the statute under which he was sentenced, and the "statutory authorization" to impose a life sentence without parole. (R.R. at 1.) The Open Records Officer denied Petitioner's request on the grounds that "[t]he record(s) that [he] requested do[es] not currently exist in the possession of the Department." (R.R. at 2.)

Petitioner appealed to the OOR. In response, the Department submitted an attestation signed by Diane Yale, the Corrections Records Supervisor at SCI-Dallas, stating, in pertinent part:

> If the specific records requested above were in the possession of this Institution, they would be retained as official records in files within my custody. After a reasonable search, no responsive records exist within my custody, possession or control.

(R.R. at 8.) The OOR subsequently issued a Final Determination on June 29, 2016, denying Petitioner's appeal, finding that the Department "has established that no responsive records exist." (R.R. at 9.) Petitioner thereafter petitioned this Court for review.

On appeal,[2] Petitioner makes clear that he does not appeal the Final Determination of the OOR. Rather, Petitioner seeks to challenge the legality of his detention and confinement, stating:

> IT IS NOT AND WAS NOT THIS PETITIONER'S
> INTENTION OR AIM TO APPEAL THE FINDINGS

---

[2] On appeal from the OOR in a RTKL case, this Court's standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

OF THE [DEPARTMENT] OR THE [OOR] STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR POSSESSION[.] IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT.

(Petitioner's Br. at 28 (emphasis in original).) The essence of Petitioner's argument is that if his sentencing order does not exist in the possession of the Department, his incarceration must be illegal.[3] (*Id.* at 9.) Petitioner, therefore, requests that this Court remand this matter to the Court of Common Pleas and allow Petitioner to file a Writ of Habeas Corpus. (*Id.* at 20.)

Petitioner is essentially attempting to use the Right-to-Know Law's appeal process to challenge the constitutionality of his criminal sentence. The Right-to-Know Law, however, is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. *Foster v. Pa. Dep't of Corr.*, 159 A.3d 1020, 1022 (Pa. Cmwlth. 2017); *see also Moore v. Office of Open Records*, 992 A.2d 907, 910 (Pa. Cmwlth. 2010) ("[A]n appeal from an OOR order denying Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration."). The Right-to-Know Law does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment

---

[3] In support of this argument, Petitioner cites 34 Pa. Code § 91.3, which provides, in part:

The Department will accept and confine those persons committed to it under lawful court orders which conform to 42 Pa. C.S. § 9762 (relating to sentencing proceeding; place of confinement) when information has been provided to the Department as required by 42 Pa. C.S. § 9764 (relating to information required upon commitment and subsequent disposition).

of sentence a legal nullity. *Foster*, 159 A.3d at 1022. Indeed, our Supreme Court has held that the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546, is the exclusive state law remedy for prisoners challenging sentences that are allegedly illegal. *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016).

Additionally, this Court addressed an argument that was essentially identical to Petitioner's in both *Foster v. Pennsylvania Department of Corrections* and *Morrison v. Pennsylvania Department of Corrections*, ___ A.3d ___ (Pa. Cmwlth., No. 2002 C.D. 2016, filed May 23, 2017). In *Foster*, the incarcerated petitioner sought to challenge his incarceration on the basis that the state correctional institution where he was located did not have a copy of his sentencing order. *Foster*, 159 A.3d at 1022. We explained that the incarcerated petitioner could not use the Right-to-Know Law appeal process to collaterally attack the sentencing court's judgment of sentence. *Id.* at 1022-23. Similarly, in *Morrison*, addressing another attempt to challenge confinement by a Right-to-Know Law request, this Court explained that "[b]ecause in this case [petitioner] does not challenge the OOR's denial of his appeal, but rather seeks relief outside the [Right-to-Know Law], this Court must affirm the OOR's Final Determination." *Morrison*, ___ A.3d at ___, slip op. at 5.[4]

---

[4] Likewise, we reached the same conclusion in *Whitaker v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013); *Quarles v. Department of Corrections* (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014); *Gates v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 441 C.D. 2014, filed July 9, 2014); *Huntley v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 1202 C.D. 2016, filed March 2, 2017), *petition for allowance of appeal pending*, (Pa., No. 383 MAL 2017); *Dozier v. Department of Corrections* (Pa. Cmwlth., No. 1613 C.D. 2016, filed March 16, 2017); *Rhone v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 1690 C.D. 2016, filed June 14, 2017); *Fortune v. Department of Corrections* (Pa. Cmwlth., No. 1765 C.D. 2016, filed June 27, 2017); *Rogers v. Pennsylvania Department of Corrections* (Pa. Cmwlth.,
**(Footnote continued on next page…)**

4

Here, like the petitioners in *Foster* and *Morrison*, Petitioner attempts to use his Right-to-Know Law appeal to collaterally attack his criminal confinement. His request to remand to common pleas to challenge the legality of his incarceration is outside the scope of a Right-to-Know Law appeal. Because Petitioner does not challenge the denial of his Right-to-Know Law request but, rather, the legality of his detention and confinement, the appeal procedure under the Right-to-Know Law is not the appropriate avenue for his action. This Court has no basis upon which to reverse the OOR's Final Determination.

Accordingly, we affirm.

P. KEVIN BROBSON, Judge

**(continued…)**

No. 2068 C.D. 2016, filed June 28, 2017); and most recently in *Person v. Department of Corrections* (Pa. Cmwlth., No. 1763 C.D. 2016, filed June 29, 2017). We acknowledge that *Whitaker, Quarles*, *Gates*, *Huntley*, *Dozier*, *Rhone*, *Fortune*, *Rogers*, and *Person*, as unreported panel decisions of this Court, have persuasive value, but they do not constitute binding precedent. IOP § 414(a), 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Saunders, :
              Petitioner :
              :
              v. : No. 1221 C.D. 2016
              :
Pennsylvania Department :
of Corrections, :
              Respondent :

## O R D E R

AND NOW, this 10th day of August, 2017, the Final Determination of the Office of Open Records is AFFIRMED.

_____
P. KEVIN BROBSON, Judge