IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nottingham,             :
               Petitioner     :
                          :
       v.                      :
                          :
Office of Attorney General,       :    No. 975 C.D. 2023
            Respondent   :    Submitted: August 9, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: September 19, 2024


James E. Nottingham (Requester), *pro se*, petitions this Court for review of the July 18, 2023 decision of a Right-to-Know Law (RTKL)[1] appeals officer for the Pennsylvania Office of the Attorney General (OAG) denying Requester's appeal from the denial of his records request. Upon review, we affirm.


**I. Background**

By written request dated April 19, 2023 (the Request), Requester asked the OAG for "a full investigation" into his allegations that the Commonwealth failed to produce evidence supporting his criminal convictions. Certified Record (C.R.) at 1. Requester also sought the following records in connection with Docket Numbers CP-41-CR-0001190-2015 and CP-41-CR-0001870-2017 in the Lycoming County Court of Common Pleas (LCCP) pursuant to the RTKL:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

> E-911 report; 911 call, all lab test[s]; Dr. and medical records, files, [and] documents of Janet Smith[ and] Thomas Markly[;] all arrest records from C.H.R.I.A.[;][2] booking [p]hoto[]s and files of said cases above[;] verified legal [s]earch and [a]rrest [w]arrants or admission of illegal and void warrants and illegal confinement currently being served under false charges and orders.

C.R. at 3. By letter dated June 5, 2023, the OAG's RTKL Officer, Sharon K. Maitland (RTKL Officer), informed Requester that a "full and complete search" had uncovered no responsive records. *Id.* at 7. The RTKL Officer stated further that the OAG is "not required to create a record that does not exist." *Id.* (citing RTKL Section 705, 65 P.S. § 67.705; *Moore v. Off. of Open Recs.*, 992 A.2d 907 (Pa. Cmwlth. 2010)). The RTKL Officer explained that there is no "denial of access when an agency does not have possession, custody or control of a record and there is no legal obligation to obtain such record." *Id.* (citing RTKL Section 506(d)(1), 65 P.S. § 67.506(d)(1)). Further, the RTKL Officer advised Requester that the "[R]equest appear[ed] to be misdirected," stating that the nature of the requested information indicated that Lycoming County may possess the sought-after records and providing Requester with a pertinent point of contact and an address. *Id.* Nevertheless, the RTKL Officer provided appeal instructions in the event that Requester "cho[]se to interpret [the] letter as a denial[.]" *Id.*

Requester filed an appeal with the OAG, alleging that

> [LCCP] Docket Number CP-41-CR-0001190-2015; M.D.J. No. CR-191-15 was filed as a habeas [c]orpus petition in the [United States District Court for the] Middle District . . . of Pennsylvania under docket [number] 4:18-CV-02002: Appeal case [number] 4:19-CV-00595-KM-MB[,] represented by Jon[a]than M. Blake[,] Ronald

---

[2] Requester presumably refers to the Criminal History Record Information Act, 18 Pa.C.S. §§ 9101-9183.

Eisenberger[] and Sean Kirkpatrick[] of the [OAG] that should have determined the existence of the evidence, files, and records of the [Request].

C.R. at 9. Requester further alleged a "[s]editious [g]rand [c]riminal [c]onspiracy," asserting that "where the law ends[, t]yranny begins." *Id.* Requester also contended that he was being held in "illegal confinement . . . against [his] will for crimes [he] never committed[.]" *Id.* at 10.

By letter dated June 28, 2023, the RTKL Officer supplemented the initial response, stating that a search conducted by the OAG's Criminal Law Division did not uncover any responsive records. C.R. at 14-16. The RTKL Officer attached her affidavit and that of Jonathan M. Blake, Esquire, a Deputy Attorney General for the OAG's Civil Litigation Division ("Deputy Attorney General Blake" and "Blake Affidavit"). *See id.* at 33-34 & 38-39. The RTKL Officer further stated that

> [u]pon receiving the RTKL appeal, [she] reached out to the three individuals [Requester] named in his appeal that might have records ([RTKL Officer] Affidavit ¶ 9). At that time[,] Deputy Attorney General [] Blake explained . . . that [Requester] had filed a lawsuit in the Federal Middle District Court in April of 2019 against the Pennsylvania State Police . . . , claiming violations of his civil rights ([RTKL Officer] Affidavit ¶ 10) (Exhibit 7; [Blake Affidavit] . . . , ¶ B2). As a result of my inquiry, [Deputy Attorney General] Blake conducted a review for any potentially responsive records for request/appeal #2023-109 and located one . . . of the eight . . . records that [Requester] requested: a docket sheet from 2019 (Blake Affidavit, ¶ B3).
>
> The OAG possesses only one of the requested records because the Civil Litigation Section's involvement with [Requester] was limited to the civil rights lawsuit he filed in 2019. (Blake Affidavit, ¶ B4). Pursuant to the

Commonwealth Attorney[]s Act,[3] [Deputy Attorney General] Blake was assigned to represent the Commonwealth in [Requester's] civil rights lawsuit. . . . (Blake Affidavit, ¶ B5). However, the Middle District Court dismissed his case in July of 2020 due to [Requester's] violation of the [s]tatute of [l]imitations (Blake Affidavit, ¶ B6). As a result, the OAG did not pursue the matter and minimal records, including the responsive docket sheet, were obtained from the [Pennsylvania State Police] (Blake Affidavit, ¶ B7).

In sum, the RTKL requires open-records officers to "[d]irect requests to other appropriate persons within the agency . . ." and to "[m]ake a good faith effort to determine if the record requested is a public record . . . and whether the agency has possession, custody or control of the identified record. . . ." 65 P.S. §§ 67.502(b)(1), 67.901. Upon receiving [the R]equest, I contacted the proper division and the appropriate personnel to determine if the OAG had possession, custody or control of the identified record. The Criminal Law Division notified me that it did not have the identified records. ([RTKL Officer] Affidavit ¶ 7)[.] Upon receiving [Requester's] appeal, I then contacted the three identified individuals and [Deputy Attorney General] Blake informed me that the Civil Law Division had only (1) of the requested records, which is being provided as Exhibit 8 to this submission. ([RTKL Officer] Affidavit ¶ 11).

*Id.* at 15-16 (footnote omitted). Accordingly, the RTKL Officer concluded "the affidavit of [Deputy Attorney General] Blake[] amply demonstrate[d] that, other than one . . . docket sheet, the requested records [did] not exist within the OAG," such that "[Requester's] appeal should be denied." *Id.* at 16.

By letter dated July 18, 2023, Jeffrey Mozdziock, a RTKL Appeals Officer (RTKL Appeals Officer) for the OAG, denied Requester's appeal, concluding that the RTKL Officer "satisfied her statutory requirements under the

---

[3] Act of October 15, 1980, P.L. 950, 71 P.S. §§ 732-101 to 732-506.

4

RTKL" by inquiring with the Criminal Law Division for records responsive to the Request and by contacting the individuals identified in Requester's appeal. *See* C.R. at 63-64. Requester petitioned this Court for review.

In September 2023, Requester filed an "Appellant Motion for Relief," requesting that this Court hold the "conspirators . . . equally liable," including "the agency." Appellant Motion for Relief, 9/20/23 at 2. Requester sought civil penalties under the RTKL and immediate release from unlawful custody.[4] *Id.* at 2. This Court issued an order stating that Requester's "Appellant Motion for Relief" would be decided with the merits of the present appeal. *See* Cmwlth. Ct. Order, 10/17/23.

In October 2023, Requester filed an application for "Correction or Modification of Record," contending that the record does not contain his July 3, 2023 "Motion for Hearing." Correction or Modification of Record, 10/19/23. The OAG filed a response requesting that this Court deny the application, asserting that Requester's motion did not constitute part of the record on appeal pursuant to RTKL Section 1303, which states that "[t]he record before a court shall consist of the request, the agency's response, the appeal filed under [RTKL S]ection 1101, [65 P.S. § 67.1101,] the hearing transcript, if any, and the final written determination of the appeals officer." OAG's Response to Request to Correct the Record, 11/6/23 at 1 (quoting 65 P.S. § 67.1303). Regardless, the OAG contended that its RTKL Officer

---

[4] Requester also filed a number of extraneous applications for relief in this Court. They included a request to strike a judgment entered in the LCCP, a request that this Court order Requester's immediate release from imprisonment and award him damages, a "Preliminary Objection" asserting that the record submitted by the OAG did "not contain finding[s] of fact and conclusion[s] of law based upon the evidence as a whole in violation of [RTKL Sections 1301(a) and 1302(a),] 65 P.S. §§ 67.1301(a) [,] 67.1302(a)" and that the OAG failed to timely transmit the record, a petition to hold the OAG in contempt, and a petition for a writ of mandamus alleging a conspiracy, delay of his arraignment, and coercive police interrogation amounting to assault. This Court dismissed or denied each of these applications for relief. *See* Cmwlth. Ct. Orders dated 11/28/23, 12/11/23, 12/19/23, 5/26/24 & 7/26/24.

was not able to locate the motion or any evidence of its receipt by the OAG. *Id.* at 1-2. The OAG stated that should Requester provide a copy of the motion, the RTKL Officer would consider supplementing the record with the motion. On November 9, 2023, this Court issued an order stating that Requester's application titled "Correction or Modification of Record" and the OAG's response would also be decided with the merits. Cmwlth. Ct. Order, 11/9/23.

In February 2024, Requester filed a "Rule to Show Cause," asking this Court to order the OAG to show cause why Requester should not be released from unlawful imprisonment. Rule to Show Cause, 2/5/24. This application for relief is addressed at the conclusion of this opinion.

## II. Issues

Before this Court, Requester raises no issues relating directly to the denial of his RTKL Request.[5] Instead, Requester argues that disclosure of the "[r]equested [r]ecords [was] . . . mandatory under Pa.R.Crim.P. 573(B)(1)" relating to pretrial discovery in criminal cases. Requester's Br. at 15-16. Requester also contends "that dispositions of all arrest[s shall] be reported to the [Federal Bureau of Investigation] within 120 days after the disposition has occurred." *Id.* at 15 (citing 28 U.S.C. § 534 relating, *inter alia*, to the acquisition, collection, classification and preservation by the Attorney General of the United States of certain types of information, including records pertaining to crimes). Requester maintains that "[t]he

---

[5] "This Court exercises *de novo* review of appeals officers' decisions pertaining to Commonwealth agencies." *Meguerian v. Off. of the Att'y Gen.*, 86 A.3d 924, 927 n.4 (Pa. Cmwlth. 2013); *see also Haverstick v. Pa. Off. of Att'y Gen.*, 273 A.3d 600, 604 n.4 (Pa. Cmwlth. 2022) (citing *Meguerian*). "Our scope of review under the RTKL is plenary." *McKelvey v. Off. of Att'y Gen.*, 172 A.3d 122, 124 n.5 (Pa. Cmwlth. 2017) (citing *Pa. Pub. Util. Comm'n v. Gilbert*, 40 A.3d 755 (Pa. Cmwlth. 2012)).

OAG failed to disclose that all charges . . . were [] dismissed on July 17, 2015" for failure to establish a *prima facie* case and lack of probable cause. Requester's Br. at 16. Further, Requester alleges that "Lycoming County District [(now Magisterial District Judge)] Attorney Aaron S. Biichle did forge count 10 into the police criminal complaint." *Id.* at 17. Requester also insists that "[t]he prosecutor ha[d] the burden of establishing guilt solely on the basis of evidence produced in court and under circumstances assuring the accused all the safeguards of fair procedure." *Id.* Requester, therefore, "prays in the interest of justice that all illegal and void charges and convictions be vacated, and that a wholly innocent man be released from unlawful custody." *Id.* at 18. Requester seeks compensatory and punitive damages for loss, harm and injury; payment of all costs and fees; civil penalties "in the amount of $1 million for every year of illegal confinement"; and further "investigation" to hold the "guilty . . . accountable for their actions[.]" *Id.* at 18.

### III. Discussion

As this Court has repeatedly explained,

> [t]he RTKL is a statute that grants citizens, in certain specified circumstances, the right to obtain public records from government agencies, "in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Off*[.] *of Open Rec*[*s.*], 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (en banc), *aff'd*, . . . 75 A.3d 453 ([Pa.] 2013). If an individual requests a public record and a government agency denied the request, the individual can appeal the decision to the trial court or the [Office of Open Records (OOR)] and then to this Court. *See* Sections 1101, 1301 and 1302 of the RTKL, 65 P.S. §§ 67.1101, 1301, and 1302.

However, the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity. Indeed, our Supreme Court has held that the Post[]Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, is the exclusive state-law remedy for prisoners challenging sentences that are allegedly illegal. *Commonwealth v. Hall*, . . . 771 A.2d 1232 ([Pa.] 2001).

*Foster v. Pa. Dep't of Corr.*, 159 A.3d 1020, 1022-23 (Pa. Cmwlth. 2017) (brackets omitted) (quoting *Whitaker v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 1781 C.D. 2012, filed Mar. 8, 2013), slip op. at 3-4 (footnotes omitted).[6]

Here, Requester asks that "all illegal and void charges and convictions be vacated" and "that a wholly innocent man be released from unlawful custody." Requester's Br. at 18. Requester also seeks recompense in the form of damages, costs and penalties for his "illegal confinement" and further "investigation" to hold the "guilty . . . accountable for their actions[.]" *Id.* As explained above, a "[r]equester cannot use . . . [an RTKL] appeal as a vehicle to collaterally attack the sentencing court's judgment of sentence." *Foster*, 159 A.3d at 1022-23. Therefore, Requester cannot challenge the legality of his present incarceration through the instant appeal. *See Moore*, 992 A.2d at 909-10 (rejecting a requester's "attempt[] to raise a due process challenge to his continued confinement," holding that "an appeal from an OOR order denying [a] request for access to a public record [was] not the proper forum to challenge the constitutionality of [the requester's] continued

---

[6] Unreported memorandum opinions of this Court issued after January 15, 2008 may be cited for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures 210 Pa. Code § 69.414(a).

incarceration"); *Quarles v. Dep't of Corr.* (Pa. Cmwlth., No. 901 C.D. 2014, filed Nov. 10, 2014), slip op. at 8 (rejecting the requester's attempt "to transform his RTKL appeal into a challenge to his ongoing incarceration," as "such relief [is] unavailable in a RTKL appeal").[7]  Accordingly, Requester is not entitled to relief from this Court.  *See Morrison v. Dep't of Corr.*, 162 A.3d 613, 616 (Pa. Cmwlth. 2017) (holding that "[b]ecause . . . [the requester did] not challenge the OOR's denial of his appeal, but rather [sought] relief outside the RTKL," in contesting the legality of his incarceration, "this Court must affirm the OOR's [f]inal [d]etermination"); *Whitaker*, slip op. at 4 (concluding that "[b]ecause [the r]equester [did] not contest the denial of his RTKL request and [sought] relief beyond the purview of the RTKL, this Court ha[d] no basis upon which to disturb the OOR's final determination").

Additionally, we observe that "an agency may satisfy its burden of proof [under the RTKL] that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (citing *Moore*, 992 A.2d at 908-909); *see also* RTKL Section 705, 65 P.S. § 67.705 (providing that "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record"); RTKL Section

---

[7] We observe that although Requester asserted in his appeal to the RTKL Appeals Officer that records in the possession of an agency are presumedly public records under RTKL Section 305, 65 P.S. § 67.305, *see* C.R. at 10, Requester does not reference any provision of the RTKL in support of his appellate argument.  *See* Requester's Br. at 14-17; RTKL Section 1101(a)(1), 65 P.S. § 67.1101(a)(1) (providing that an appeal from a denial of "a written request for access to a record . . . shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request").

708(a)(1), 65 P.S. § 67.708(a)(1) (stating that "[t]he burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence"). Here, the RTKL Officer and Deputy Attorney General Blake provided affidavits attesting to their search for and inability to uncover responsive records, apart from one docket sheet located by Deputy Attorney General Blake on the basis of additional information provided by Requester in his appeal from the denial of the Request. *See* C.R. at 33-34 & 38-39. Thus, the OAG satisfied its burden to demonstrate that, apart from the docket sheet provided to Requester, it did not possess the requested records. *See Dep't of Lab. & Indus. v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015) (citing *Hodges*, 29 A.3d at 1192) (holding that "[a]n affidavit may serve as sufficient evidence of the non-existence of requested records"); *see also McGowan v. Pa. Dep't of Env't. Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014) (holding that "[w]here . . . no evidence has been presented to show that [an agency] acted in bad faith, the averments in the [agency's] affidavits should be accepted as true"); *Off. of Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (quoting *Manchester v. Drug Enf't Admin., U.S. Dep't of Justice*, 823 F. Supp. 1259, 1265 (E.D. Pa. 1993)) (stating that "[a]bsent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned").[8] Notably, Requester does not contend before this Court that the OAG did not satisfy its burden in this regard.

---

[8] Requester raises the following questions in his appellate brief:

> (1) [W]hether the defendants of the "OAG" have joined and engaged with other state and federal officials in the deprivation of civil rights and immunities in violation of the constitution in a seditious grand criminal conspiracy against a wholly innocent man? . . . .

10

## IV. Conclusion

For the foregoing reasons, we affirm the July 18, 2023 decision of the RTKL Appeals Officer.[9]

_____
CHRISTINE FIZZANO CANNON, Judge

_____

(2) Whether the interest of justice entitle[s] [him] the petitioner to have the jury's verdict vacated as it is against the sufficiency of the[] evidence as found in the denial of the "REQUESTED RECORDS"?

Requester's Br. at 10. We note that apart from the extent to which the second question raised by Requester implicates his impermissible collateral attack upon his conviction, the remainder of his appellate arguments are waived. *See* Pa.R.A.P. 2116(a) (stating that, ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby); *Twp. of Concord v. Concord Ranch, Inc.*, 664 A.2d 640 (Pa. Cmwlth. 1995) (holding that "[t]he failure of a party to act in conformity with Pa.R.A.P. 2116(a) constitutes a waiver of the issue").

[9] In light of our disposition, we dismiss Requester's "Appellant Motion for Relief" requesting that this Court hold the "conspirators . . . equally liable." Appellant Motion for Relief, 9/20/23 at 2. Further, we deny Requester's "Correction or Modification of Record," as RTKL Section 1303, 65 P.S. § 67.1303, did not require the OAG to transmit Requester's July 3, 2023 "Motion for Hearing" as part of the certified record. *See* OAG's Response to Request to Correct the Record, 11/6/23 at 1; *cf. Bowling v. Off. of Open Recs.*, 990 A.2d 813, 822 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013) (holding that "[RTKL] Section 1303 . . . , [65 P.S. § 67.1303,] was not intended to restrict a reviewing court's scope of review," but rather "to describe the record to be certified by the OOR to a reviewing court," explaining that this provision "does not expressly restrain a court from reviewing other material or prohibit a court's supplementation of the record through hearing or remand"). Moreover, we observe that Requester failed to provide a copy of the motion in response to the OAG's offer to consider supplementation of the record. *See* OAG's Response to Request to Correct the Record, 11/6/23 at 3. We also dismiss Requester's "Rule to Show Cause," asking this Court to order the OAG to show cause why Requester should not be released from unlawful imprisonment. Rule to Show Cause, 2/5/24.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James E. Nottingham, : 
                Petitioner : 
                 : 
        v. : 
                 : 
Office of Attorney General, :   No. 975 C.D. 2023
            Respondent : 

# **O R D E R**

AND NOW, this 19th day of September, 2024, the July 18, 2023 decision of the Right-to-Know Law[1] Appeals Officer for the Pennsylvania Office of the Attorney General is AFFIRMED. The "Appellant Motion for Relief," "Correction or Modification of Record" and "Rule to Show Cause" filed by James E. Nottingham are DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.