## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wallace McKelvey, PennLive,    :
and The Patriot News,    :
          Petitioners    :
        v.    :
    :
Office of Attorney General,    :    No. 1931 C.D. 2016
          Respondent    :    Argued: June 7,  2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE            FILED:  October 13, 2017


          Wallace McKelvey, PennLive, and the Patriot News (Petitioners) petition for review of a decision of the Appeals Officer for the Office of Attorney General (OAG) denying access to records requested pursuant to the Right to Know Law[1] (RTKL).  Upon review, we affirm.

          In December 2015, the OAG retained the law firm of Buckley Sandler, LLP (Buckley Sandler) to conduct an investigation of any crimes arising from or relating to the use of the Commonwealth email communication system.  Following its investigation, Buckley Sandler was to prepare a report (Buckley Sandler Report) detailing the results of the investigation.  A draft report was submitted in May 2016.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

On August 31, 2016, Petitioners requested, "[a] copy of any report(s) generated by [Buckley Sandler] as a result of its review of emails turned over by the OAG." (Reproduced Record (R.R.) at 1a.) This request was denied by the OAG's Right to Know Officer (RTK Officer) on September 8, 2016. *Id.* at 2a. In his response, the RTK Officer stated the Buckley Sandler Report had not been finalized and was precluded from disclosure as it represented predecisional deliberations which are exempt from disclosure under Section 708(b)(10)(i)(A)[2] of the RTKL. *Id.* Additionally, the requested record was protected by the attorney-client and attorney-work-product privileges and did not constitute a public record under Section 305(a)(2).[3] *Id.* at 2a-3a.

Petitioners appealed to the OAG Appeals Officer on September 29, 2016. (R.R. at 4a.) Petitioners argued the OAG failed to prove the Buckley Sandler Report was exempt from public disclosure because, as a record in possession of the OAG, it was presumed to be a public record. *Id.* at 5a-6a. Petitioners further argued the asserted privileges did not apply, and any emails reviewed by Buckley Sandler and/or included in the Buckley Sandler Report constitute factual information that would not fall under the predecisional deliberation exception. *Id.* at 10a. Petitioners requested the OAG Appeals Officer compel the OAG to submit a detailed privilege log and conduct an independent *in-camera* review, schedule a hearing, and enter a final determination directing the OAG to disclose all responsive records or portions thereof not exempt from disclosure under the asserted privileges and exceptions. *Id.* at 12a.

---

[2] 65 P.S. § 67.708(b)(10)(i)(A).

[3] 65 P.S. § 67.305(a)(2).

2

In response to Petitioners' request for relief, the OAG Appeals Officer conducted an *in-camera* review of the requested records. (R.R. at 24a.) Following that review, the OAG Appeals Officer issued a decision in which she concluded the requested records were exempt in their entirety pursuant to the attorney-client and attorney-work-product privileges, as well as the predecisional deliberation and noncriminal investigation exemptions set forth in the RTKL.[4] *Id.* The decision of the RTK Officer was affirmed and Petitioners' appeal denied on October 31, 2016. *Id.* at 28a. A Petition for Reconsideration was denied on December 6, 2016. *Id.* at 58a-59a. This appeal followed.[5]

After the certified record was filed with this Court, the parties submitted a stipulation advising that a redacted version of the Buckley Sandler Report was publicly disclosed on November 22, 2016, which was after the close of the evidentiary record by the OAG Appeals Officer. The redacted version of the Buckley Sandler Report contained redacted appendices, including the emails that were the subject of the investigation and a document appointing Attorney Douglas Gansler as special deputy attorney general. Pursuant to the stipulation, the OAG filed a certified public supplemental record and a certified sealed supplemental record which contained the materials considered *in camera* by the OAG Appeals Officer.

Petitioners filed applications for relief for enforcement of the parties' stipulation and appointment of a special master to conduct an independent *in camera* review of the documents submitted under seal. The OAG filed answers opposing

---

[4] 65 P.S. §§ 67.708(b)(10)(i)(A); 67.708(b)(17).

[5] Our scope of review under the RTKL is plenary. *Pennsylvania Public Utility Commission v. Gilbert*, 40 A.3d 755 (Pa. Cmwlth. 2012). Our standard of review is an independent review of the OAG's orders and we may substitute our own findings of fact for those of the agency. *Id.*

3

both applications. At a hearing held by this Court, it was determined that the sealed supplemental record did not include the appendices. The Honorable Michael H. Wojcik of this Court, in an unreported opinion filed March 10, 2017, concluded the question of whether Petitioners requested the appendices to the Buckley Sandler Report when they filed the August 31, 2016 RTKL request was a threshold question of law that must be determined before a ruling could be made on Petitioners' pending motions or the underlying merits of privilege or exemption. *See McKelvey v. Office of Attorney General*, (Pa. Cmwlth. No. 1931 C.D. 2016, filed March 10, 2017), slip op. at 5. Petitioners' applications were thus held in abeyance pending disposition of the question of "whether Petitioners' request for 'any report(s) generated by [Buckley Sandler] as a result of its review of emails turned over to the OAG' fairly encompassed the appendices to the report." *Id.*

Despite the numerous issues raised by Petitioners in their present brief,[6] we must address this initial matter before proceeding further.

---

[6] The following issues are raised by Petitioners on appeal:

(1) Did the OAG fail to prove the requested records are subject to the attorney-client or work-product privileges?

(2) Did the OAG fail to prove the requested records are exempt from public disclosure as internal, predecisional deliberative material?

(3) Did the OAG Appeals Officer err in holding the Buckley Sandler Report is exempt under the noncriminal investigation exception?

(4) Did OAG waive any objection to disclosure not set forth in its initial denial letter by failing to submit any evidence to the OAG Appeals Officer before the close of the administrative record?

(5) Did the OAG Appeals Officer err by raising new arguments in support of denial not raised by OAG and violate Petitioners' due process rights

4

## Discussion

Petitioners filed their RTKL request on August 31, 2016. At that time, the Buckley Sandler Report had not been finalized and was not in final form. (September 8, 2016, Decision of the OAG RTK Officer at 1; R.R. at 14a.) By October 31, 2016, when the OAG Appeals Officer issued her decision, the Buckley Sandler Report still had "not yet been placed in its final form and discussions [were] ongoing as to what form [it] might take." (October 31, 2016 Decision of the OAG Appeals Officer at 4; R.R. at 26a.) No final decision had been reached as to what should be, or was legally permitted to be, disclosed. *Id.* Petitioners' August 31, 2016 RTKL request was limited to "[a] copy of any report(s) generated by [Buckley Sandler] as a result of its review of emails turned over by the OAG." (R.R. at 1a.)

Section 701(a)[7] of the RTKL provides that, "[i]f the information requested is indeed a record and is in the possession of a Commonwealth agency, it must be made accessible for inspection and duplication…" unless protected by a privilege or exempt from disclosure. When responding to a RTKL request, an agency is not required to create a record which does not currently exist.[8] This Court has stated that, under Section 705 of the RTKL, the standard is "*whether such a record is in existence and in possession of the Commonwealth agency at the time of*

by failing to provide them with a reasonable opportunity to respond to these new arguments?

(6) Did the OAG Appeals Officer err in finding that the emails appended to the Buckley Sandler Report were not records and thus not public records under the RTKL? (Petitioners' Brief at 3.)

[7] 65 P.S. § 67.701(a).

[8] Section 705 of the RTKL, 65 P.S. § 67.705.

*its right-to-know request.*" *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010)(emphasis added).

Once a RTKL request is submitted, the requester may not expand or modify the request on appeal. *Smith Butz, LLC v. Department of Environmental Protection*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016). *See also Department of Corrections v. Disability Rights Network of Pennsylvania*, 35 A.3d 830 (Pa. Cmwlth. 2012). Although Petitioners filed their RTKL request on August 31, 2016, the Buckley Sandler Report was not finalized and released until November 22, 2016. Petitioners do not dispute this, they simply argue that neither the OAG nor the OAG Appeals Officer had the authority to "narrow or reframe" Petitioners' request to exclude the appendices to the Buckley Sandler Report. (Petitioners' Supplemental Brief at 3.)

A decision which declines Petitioners' request for the appendices does not constitute a reframing of their RTKL request. It simply limits that request to those records in existence at the time of the request. *Moore.* Petitioners cannot expand their request on appeal to include the Buckley Sandler Report as it only existed some months after their request was filed. There is no record evidence which indicates the appendices requested by Petitioners existed on August 31, 2016. The appendices were not a part of the draft report on August 31, 2016 and, therefore, not encompassed by Petitioners' RTKL request.

For these reasons, the final determination of the OAG Appeals Officer is affirmed on other grounds as stated above.[9] Because we conclude the appendices

---

[9]An appellate court may affirm on different grounds where other grounds for affirmance exist. *Philadelphia Federation of Teachers v. School District of Philadelphia*, 109 A.3d 298 (Pa. Cmwlth. 2015).

were not encompassed by the August 31, 2016 RTKL request, we need not address Petitioners' remaining arguments.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wallace McKelvey, PennLive,　　　　　:
and The Patriot News,　　　　　　　　:
　　　　　　　　Petitioners　　　　　:
　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
Office of Attorney General,　　　　　:　　No. 1931 C.D. 2016
　　　　　　　　Respondent　　　　　　:

## O R D E R

AND NOW, this 13th day of October, 2017, the October 31, 2016 final determination of the Office of Attorney General's designated appeals officer is affirmed.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JOSEPH M. COSGROVE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wallace McKelvey, PennLive,     :
and The Patriot News,     :
        Petitioners     :
     :  No. 1931 C.D. 2016
     v.     :
     :  Argued: June 7, 2017
Office of Attorney General,     :
        Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

CONCURRING & DISSENTING OPINION
BY JUDGE McCULLOUGH          FILED: October 13, 2017

      I agree with the Majority that pursuant to section 705 of the Right-to-Know Law (RTKL),[1] 65 P.S. §67.705, and *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010), an agency does not have to create a requested record when that record does not exist, in any discernable form, at the time of the request. *See also Paint Township v. Clark*, 109 A.3d 796, 804-08 (Pa. Cmwlth. 2015). However, unlike the Majority, I do not believe that this principle applies with convincing force to the circumstances of this case.

      Here, the petitioners sought "any report(s) generated by BueldeySandler LLP" with respect to emails turned over by the Office of the

_____

[1] Act of February 14, 2008, P.L. 6.

Attorney General (OAG). (Reproduced Record (R.R.) at 1a.) In denying the request, the records officer of OAG acknowledged that the Buckley Sandler Report (Report) did in fact *exist*, but withheld disclosure because the "report ha[d] not been finalized." (R.R. at 2a.) The records officer concluded that, in its then-current form, the Report was exempt from disclosure because it reflected the internal, pre-decisional deliberations of an agency.

Subsequently, the appeals officer of the OAG determined that the Report was protected under the RTKL by the attorney-client and attorney-work-product privileges, and the exemptions that the statute provides for pre-decisional deliberations and noncriminal investigations. While the matter was still pending before the appeals officer, the Report was modified to include appendices and placed into its definitive and final version.

In affirming the OAG appeals officer, the Majority does not address whether the Report satisfies an exemption under the RTKL, but instead utilizes alternative reasoning. In doing so, the Majority concludes that the petitioners have "expand[ed] their request on appeal," and "the appendices were not encompassed by [the] request," ostensibly because the appendices were not appended to the Report at the time of the request. (Maj. slip op. at 6-7.)

Placing aside the questions surrounding the appendices and their "state-of-being" on the date of the request, the request itself does not seem to have required the agency "to create a record which does not currently exist" or to "compile, maintain, format or organize a record in a manner in which the agency does not . . . ." 65 P.S. §67.705. To the contrary, it appears as if the agency did this all on its own, having completed the Report on November 22, 2016, and releasing a redacted version of it to the public on that same date. Notably, by the time the OAG appeals

officer denied the petitioners' request for reconsideration on December 6, 2016, the Report and its appendices were bound together in final format. To me, it is difficult to say that, at any given point of the proceedings, "the requested information [did] not [then] currently exist in any ascertainable format," *Clark*, 109 A.3d at 806, and I question whether section 705 of the RTKL is controlling authority in this matter.

Moreover, while the content of the Report may have transformed through time, it is apparent to me that the petitioners' request for "any report(s)" did not. (R.R. at 1a.) Although "a requester is not permitted to expand or modify the request on appeal," *Smith Butz, LLC v. Department of Environmental Protection*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016), I am perplexed to see how the evolving nature of a requested record (which apparently occurred while the matter was still pending before the OAG's records and appeals officers) can change and/or dictate the meaning of the terms of the request. Contrary to the Majority, I would conclude that, because the appendices are discussed within the Report, and essentially incorporated into the Report, the appendices fall squarely within the scope of the petitioners' request. (*See* R.R.at 70a, 95a.)

Perhaps it would have been best for all had the OAG simply granted the petitioners' motion for reconsideration and started anew. Or maybe the matter would be easier to resolve had the petitioners withdrawn their initial RTKL request and filed a second one. But this Court has to take the case as it comes.[2] Although

---

[2] Given circumstances like these, where the agency explicitly confirms that a document exists in some format in response to a request, but states that the document is still "under construction," I think it would be best for this Court to judicially impose a requirement onto section 705 of the RTKL that is akin to our rules for discovery in civil litigation. Specifically, I would place an affirmative duty on an agency to supplement its response or provide an update to a requester regarding the status of the document. *See generally* Pa.R.C.P. No. 4007.4; *Linker v. Churnetski Transportation, Inc.*, 520 A.2d 502, 504 (Pa. Super. 1987). If the document is

we could vacate the decision below and remand for further proceedings, or even conduct our own fact-finding if necessary, *see, e.g.*, *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1099 n.6 (Pa. Cmwlth. 2013), the Majority fashions a rule of law that effectively allows an agency to continue denying that a record exists, even after the agency has confirmed the full fruition of its very existence to the public. Because the defense of "the document is subject to one further change" unnecessarily tests the fabric and spirit of the RTKL, and does not hold up well (in fact, at all) when the document has undergone that change, I cannot agree with the Majority on that point.

Hence, I respectfully concur in part and dissent in part.

_____
PATRICIA A. McCULLOUGH, Judge

---

completed during the agency's review process, or, in other cases, during an appeal to a trial court or to the Office of Open Records, then, at that moment in time, those tribunals would have a legal obligation to reconsider the request and take the procedural action required to decide whether the document is subject to disclosure.