IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Campbell,                          :
                 Petitioner               :
                                   :
          v.                               :  No. 793 C.D. 2017
                                   :  Submitted: November 3, 2017
Administrative Office                    :
of Pennsylvania Courts,                  :
                 Respondent               :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE J. WESLEY OLER, JR., Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: February 27, 2018

       Simon Campbell (Requester), *pro se*, petitions for this Court's review of the deemed denial of his request for records under the Right-to-Know Law.[1] Requester sought access to records of the Administrative Office of Pennsylvania Courts (AOPC) related to the legal representation of a court of common pleas judge and the earnings of that judge. Upon review, we quash Requester's petition for review.

       On March 24, 2017, Requester submitted a request seeking:

> 1.  A copy of the Rule 1.5(b) written communications from attorneys at Elliott Greenleaf, P.C[.] and/or the initiating retention agreement/contract with Elliott Greenleaf, P.C., for its attorneys to provide legal representation of Hon. Judge Pamela Ruest in the Stacy Parks Miller matter – detailing the nature of

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

the work to be performed and the financial terms and conditions of the agreement.

> 2. Copies of all invoices received between the dates of 8-25-15 and 3-24-17 for Elliott Greenleaf, P.C. for services rendered in connection with the legal representation of Hon. Judge Pamela Ruest in the Stacy Parks Miller matter.

> 3. Copies of all periodic pay statements issued to Judge Ruest in the months of January 2017 and February 2017.

Reproduced Record at 1a-21a (R.R. __). On March 28, 2017, AOPC received the request. Certified Record (C.R.) Item No. 1 at 1. On April 7, 2017, AOPC notified Requester that, pursuant to Pennsylvania Rule of Judicial Administration 509(c)(4)(iv),[2] it would respond to his request no later than May 24, 2017.

On April 14, 2017, Requester filed an appeal to AOPC's designated right-to-know appeals officer contending that his right-to-know request had been deemed denied because AOPC did not respond to his request within five business days[3] as required under Section 901 of the Right-to-Know Law, 65 P.S. §67.901.[4]

---

[2] Rule 509(c)(4)(iv) states:
> (4)  Within 10 business days of receipt of a written request, the records manager shall respond in one of the following manners:
>
> ***
>
> (iv)  notify the requester in writing that the request has been received and the expected date that the information will be available, not to exceed 30 business days.

Pa. R.J.A. 509(c)(4)(iv).

[3] Five business days from March 28, 2017, was April 4, 2017.

[4] Section 901 of the Right-to-Know Law states:
> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. All applicable fees shall be paid in order to receive access to the record requested. *The time for response shall not*

2

On May 11, 2017, after Requester had appealed the deemed denial to the appeals officer, AOPC responded to his right-to-know request. With regard to Item Nos. 1 and 2, AOPC provided the requested documents with portions redacted that were protected by attorney-client privilege or were attorney work product. Regarding Item No. 3, AOPC denied the request explaining that, pursuant to Pa. R.J.A. 509(c)(4), the judge's pay statements were not financial records.[5] AOPC provided a copy of its response to the appeals officer.

AOPC's appeals officer, however, did not issue a final determination in response to Requester's April 14, 2017, appeal. Accordingly, on June 19, 2017, Requester filed the instant petition for review.

On appeal,[6] Requester raises two issues. First, he contends that AOPC erred in failing to process his request in accordance with the definition of "financial

---

*exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.*

65 P.S. §67.901.

[5] AOPC explained:

A financial record is "any account, contract, invoice or equivalent dealing with: 1) the receipt or disbursement of funds appropriated to the system; or 2) acquisition, use or disposal of services, supplies, materials, equipment or property secured through funds appropriated to the system." Pay statements are documents provided to judicial employees and officials that contain information regarding an individual's personal deductions. Such information does not constitute additional payments by the Judiciary to these individuals above their gross salaries. Please note Judge Ruest's annual salary is $178,868.

C.R. Item No. 4 at 1.

[6] This Court's scope of review is plenary. *McKelvey v. Office of Attorney General*, 172 A.3d 122, 124 n.5 (Pa. Cmwlth. 2017). This Court's standard of review is "an independent review" of the AOPC's orders and "we may substitute our own findings of fact for those of the agency." *Id.*

3

record" mandated by the Right-to-Know Law.[7] Second, he contends that AOPC acted in bad faith by failing to process his request in accordance with the definition of "financial record" mandated by the Right-to-Know Law.[8] AOPC responds that Requester's appeal is moot because on May 11, 2017, he received the documents he requested, and he did not appeal AOPC's response. In the alternative, AOPC asserts that it properly followed Pennsylvania Rule of Judicial Procedure 509 in responding to Requester's right-to-know request.

Before we can address the merits of Requester's appeal, we consider, *sua sponte,* whether this Court has subject matter jurisdiction. *See Pennhurst Medical Group, P.C. v. Department of Public Welfare*, 796 A.2d 423, 425 n.2 (Pa. Cmwlth. 2002). A petition for review of an appeals officer's final determination, or the date access was deemed denied, "shall be filed with the prothonotary of

---

[7] Specifically, Requester contends Rule 509 of the Pennsylvania Rules of Judicial Administration, Pa. R.J.A. 509, is invalid, as it provides lesser access to financial records of a judicial agency than the Right-to-Know Law. Additionally, Rule 509(c)(4) is inconsistent with Rule 901 of the Right-to-Know Law insofar as it gives AOPC's right-to-know officer more time within which to respond to a right-to-know request. *Compare* Pa. R.J.A. 509(c)(4), *and* 65 P.S. §67.901.

[8] Section 102 of the Right-to-Know Law defines a "financial record" as any of the following:

    (1) Any account, voucher or contract dealing with:
        (i) the receipt or disbursement of funds by an agency; or
        (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property.
    (2) The salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee.
    (3) A financial audit report. The term does not include work papers underlying an audit.

65 P.S. §67.102.

4

[Commonwealth Court] within 30 days…." Pa. R.A.P. 1512(a)(1); *see also* Section 1301(a) of the Right-to-Know Law, 65 P.S.§67.1301(a).[9]

Here, on April 14, 2017, Requester appealed the deemed denial of his right-to-know request to AOPC's appeals officer. The appeals officer received the appeal on April 18, 2017. C.R. Item No. 3 at 1. Under Rule 509(c)(5) of the Pennsylvania Rules of Judicial Administration, Pa. R.J.A. 509(c)(5),[10] the appeals

---

[9] Section 1301(a) states:

> Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a Commonwealth agency, a legislative agency or a judicial agency issued under section 1101(b) or the date a request for access is deemed denied, a requester or the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

65 P.S. §67.1301(a).

[10] Rule 509(c)(5) states, in relevant part:

> If the AOPC records manager denies a written request for access, the denial may be appealed in writing within 15 business days of the mailing date of the written response by the records manager to the Court Administrator of Pennsylvania or designee. Within 20 business days of receipt of the appeal, the Court Administrator or designee shall make a determination and forward it in writing to the requester. This remedy need not be exhausted before other relief is sought. Any further appeal shall be subject to Chapter 15, Judicial Review of Governmental Determinations, of the Pennsylvania Rules of Appellate Procedure.

Pa. R.J.A. 509(c)(5).

officer had 20 business days to make a determination and forward it to Requester.[11] Thus, the appeals officer had until May 16, 2017, to issue the final determination on Requester's appeal. The appeals officer, however, did not issue a final determination. Accordingly, on May 16, 2017, which was the twentieth business day, Requester's appeal was deemed denied.

Under Pennsylvania Rule of Appellate Procedure 1512 and Section 1301(a) of the Right-to-Know Law, Requester had 30 days from May 16, 2017, or until June 15, 2017, to file his petition for review to this Court. Requester filed his petition for review on June 19, 2017, four days after the deadline. As such, this Court lacks jurisdiction.

For this reason, we quash Requester's petition for review.

_____
MARY HANNAH LEAVITT, President Judge

---

[11] Contrary to Requester's contention, Rule 509(c)(5) is not inconsistent with Section 1101(b) of the Right-to-Know Law, 65 P.S. §67.1101(b). Section 1101(b) requires an appeals officer to issue a final determination *within* 30 days. The legislature's use of the term "within" means that thirty days is the maximum amount of time allotted for responding to right-to-know appeals, not the minimum. Further, under Section 1102(b) of the Right-to-Know Law, 65 P.S. §67.1102(b), a judicial agency may adopt procedures relating to appeals under Chapter 11 of the Right-to-Know Law. Here, the Pennsylvania Supreme Court adopted Rule 509(c), which sets forth, in relevant part, procedures for appealing a denial of a request for records to the AOPC's appeals officer. Of relevance, Rule 509(c)(5) requires a judicial agency's appeals officer to respond to an appeal of a denial of a request for records within 20 business days. Twenty business days is a period of time within the 30-day period allowed under Section 1101(b) of the Right-to-Know Law. For these reasons, Rule 509(c)(5) does not contravene Section 1101(b) of the Right-to-Know Law.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Simon Campbell,                          :
                    Petitioner            :
                                          :
        v.                                :  No. 793 C.D. 2017
                                          :
Administrative Office                     :
of Pennsylvania Courts,                   :
                    Respondent            :

# **O R D E R**

AND NOW, this 27th day of February, 2018, Petitioner's petition for review in the above-captioned matter is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge