Timothy A. Rowbottom,          :
           Petitioner        :
                              :
         v.                   :
                              :
Dauphin County Court of       :
Common Pleas,               :    No. 983 C.D. 2019
         Respondent     :    Submitted: December 20, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: February 28, 2020

Timothy A. Rowbottom (Requester) appeals pro se from the Dauphin County Common Pleas Court's (Common Pleas) July 1, 2019 Final Determination. In this Right-to-Know Law (RTKL)[1] case, the sole issue before this Court is whether Common Pleas properly denied Requester's appeal. After review, we affirm.

On June 13, 2019, Requester submitted a Pennsylvania Rule of Judicial Administration No. (Rule) "509 REQUEST FORM" to Common Pleas. Original Record (O.R.), Item 1 (Rule 509 Request) at 1. Therein, Requester stated:

> **I am requesting** very specific **financial records** concerning [magisterial district judge (]MDJ[)] Rebecca J. Margerum [(Margerum)], with a property address of . . . , Elizabethville, Pa. 17023. This request is very specific dealing with the [j]urisdiction change ordered by [Common Pleas' former President Judge Todd A.] Hoover [(Judge Hoover)]. This request would be for any records

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

concerning the change in contract or salary ordered and carried out between 2014 to current where the [j]urisdiction was ordered changed from local [d]istrict [j]udges in the [c]ity to her court with the following specific requests;

1.  [MDJ] Margerum's salary prior to the [j]urisdiction change.

2.  [MDJ] Margerum's salary after [the j]urisdiction change ordered by Judge Hoover.  This specifically is asking in regards to [Section 211.2 of the Pennsylvania Code (Code),[2]] 204 Pa. Code § 211.2, which specific salary she received before and after the change and if there were any increases for this change.

3. **I'm also requesting** any and all **financial records** of payment to her or her office that exceeded the designated salary listed in [Section 211.2 of the Code], for example if she received one salary for her proper jurisdiction and another for her new[ly] designated [j]urisdiction known to me as property court, held beside Dauphin County Prison.

4. **I'm also requesting** any and all **financial records** of possible decrease after the order was reversed, designating jurisdiction back to the [c]ity MDJ[]s.

**Please provide a copy of the order** or contract to insure the thoroughness in my request is complete.

O.R., Item 1 (Rule 509 Request) at 2 (emphasis added).  Common Pleas directed the request to its Rule 509 Officer Deborah Freeman (Freeman).

On June 17, 2019, Freeman responded, in relevant part: "MDJ Margerum's salary neither increased nor decreased as a result of the changes with Housing Court.  Any specific requests about her salary should be addressed to the Administrative Office of Pennsylvania Courts [(AOPC)]."  O.R., Item 2 (Response) at 1.  On June 28, 2019, Requester appealed from the Response to Common Pleas' Appeals Officer President Judge Richard A. Lewis (President Judge Lewis).

---

[2] Section 211.2(g) of the Code specifies an MDJ's annual salary.  *See* 204 Pa. Code § 211.2(g).

2

In Requester's appeal, he expressly stated: "I humbly ask for the complete judiciary records concerning a very specific person employed by the [s]tate for a very specific time frame." O.R., Item 3 (Appeal) at 1. Requester further related:

> In response to the [Common Pleas] Court Administrator's response, I reached out to the contact over [sic] the [AOPC], Mary Gillette. She is willing to provide the financial records only, and clearly stated that all other records adjoining those records requested will be under the care of [Common Pleas]. I humbly ask to be given lawful access to these records clearly showing the ruling and findings of fact to make this a lawful [j]urisdiction change, ordered by [Judge Hoover].

O.R., Item 3 (Appeal) at 2.

On July 1, 2019, President Judge Lewis denied Requester's appeal, explaining:

> Your request was properly decided pursuant to the [R]esponse dated June 17, 2019. The information you sought was not a 'financial record' under Rule 509. Accordingly, your appeal is DENIED under Rule 509.
>
> While the original request was very specific, your appeal letter is very general. It appears that you are questioning the jurisdiction of a [MDJ] and the legal authority to re-assign a [MDJ] for a specific class of cases when the cases fall outside of the [MDJ's] jurisdictional boundaries. [Rule] 605(B)(6) states that the President Judge may order temporary assignments of [MDJs] or reassignment of cases or certain classes of cases to other magisterial districts within the judicial district or to central courts within the judicial district.
>
> I enclose copies of the Administrative Orders regarding the Housing Court assignments.[3]

---

[3] *See* O.R., Item 4 at 3-7.

O.R., Item 4 (Final Determination) at 2. Requester appealed to this Court.[4]

Initially, financial records of the judiciary are presumed to be public records under the RTKL. *See* Sections 102 and 305(b) of the RTKL, 65 P.S. §§ 67.102, 67.305(b). As such, they are generally subject to mandatory disclosure by a judicial agency. *See* Section 304(a) of the RTKL, 65 P.S. § 67.304(a). Specifically, Section 304(a) of the RTKL provides: "A judicial agency shall provide financial records in accordance with this [RTKL] or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a).

Rule 509 mandates, in relevant part:

> **(a) General Policy.** Financial records of the Unified Judicial System are presumed to be open to any member of the public for inspection or copying during established business hours. The term 'financial records' is defined as any account, contract, invoice or equivalent dealing with: 1) the receipt or disbursement of funds appropriated to the system; or 2) acquisition, use or disposal of services, supplies, materials, equipment or property secured through funds appropriated to the system.
>
> . . . .
>
> **(c) Procedure for Requesting Access.**
>
> (1) **A request to inspect or obtain copies of records accessible pursuant to this rule and in possession or control of the [AOPC] shall be made in writing to the records manager, as designated by the Court Administrator of Pennsylvania**. A request to inspect or obtain copies of records accessible pursuant to this rule and in possession or control of a court of a judicial district shall be made in writing to the records manager, as designated by the president judge. A written request may be submitted in person, by mail, by e-mail, by facsimile, or, to the extent provided, any other electronic means, on a form provided by the [AOPC].

---

[4] "[This Court's] scope of review under the RTKL is plenary." *McKelvey v. Office of Attorney Gen.*, 172 A.3d 122, 124 n.5 (Pa. Cmwlth. 2017).

Pa.R.J.A. No. 509 (text emphasis added).

Here, because Requester sought financial records of a judiciary member, he was instructed to make his request to the AOPC. Requester did so, and he was admittedly informed that the AOPC would provide the financial records he requested. In his brief to this Court, Requester argues:

> [Requester] requested financial records on July 24th, 2019 pursuant [to] [Rule] 509(c)(5)[5] and [Section 1301(a) of the RTKL,[6]] 65 P.S. § 67.1301(a)[,] and his request was denied by the [AOPC] relevant to [MDJ Margerum] by Deborah Freeman, Court Administrator located at Dauphin County Courthouse, 101 Market Street[,] Harrisburg, PA 17101.
>
> August 7th, 2019[,] a Notice of Filing Petition for Review - Agency - was filed in the Commonwealth Court for

---

[5] Rule 509(c)(5) states:

> If the AOPC records manager denies a written request for access, the denial may be appealed in writing within 15 business days of the mailing date of the written response by the records manager to the Court Administrator of Pennsylvania or designee. Within 20 business days of receipt of the appeal, the [Pennsylvania] Court Administrator or designee shall make a determination and forward it in writing to the requester. This remedy need not be exhausted before other relief is sought. Any further appeal shall be subject to Chapter 15, Judicial Review of Governmental Determinations, of the Pennsylvania Rules of Appellate Procedure.

Pa.R.J.A. No. 509(c)(5).

[6] Section 1301(a) of the RTKL provides:

> Within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a Commonwealth agency, a legislative agency or a judicial agency issued under [S]ection 1101(b) [of the RTKL (relating to filing of an appeal)] or the date a request for access is deemed denied, a requester or the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court. The decision of the court shall contain findings of fact and conclusions of law based upon the evidence as a whole. The decision shall clearly and concisely explain the rationale for the decision.

65 P.S. § 67.1301(a).

[Common Pleas] [D]ocket No.: AO-56-2018, 0010-12-MD-2018, AO-3-2014, 0010-3-MD-2014. See, reproduced record annexed.

The salary and contract information requested (204 Pa. Code § 211.2) should have been provided under [R]ule 509 yet was denied with no other explanation than the [Requester] was seeking information about jurisdictional changes which is arbitrary and capricious. The information should readily be available or published under [R]ule 509 as to quote the petition and request as follows[.]

Requester Br. at 3-4. With the exception of quoting his request to the AOPC, that is the entirety of Requester's argument. Requester's brief does not include a "Statement of Questions Involved" or a "Summary of Argument" as required by Pennsylvania Rules of Appellate Procedure 2116 and 2118.

The Pennsylvania Supreme Court has held:

[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] . . . to formulate [a]ppellant's arguments for him.

*Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citations omitted). Further, "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Moreover, "[t]he argument shall . . . [contain] such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Here, Requester does not argue that Common Pleas erred by denying his appeal. Rather, in his brief before this Court, Requester refers only to his July 24, 2019 AOPC request, which was not before Common Pleas, and a petition for review filed August 7, 2019. Requester submitted his 509 Request to Common Pleas on June 13, 2019, and his corresponding appeal to this Court was filed July 24, 2019. Because Requester has failed to challenge Common Pleas' Final Determination, he

6

has waived any claim with respect to that Final Determination. Accordingly, there is nothing before this Court to review.

For all of the above reasons Common Pleas' Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Rowbottom,       :
          Petitioner       :
                       :
         v.             :
                       :
Dauphin County Court of       :
Common Pleas,                 :     No. 983 C.D. 2019
          Respondent       :

## O R D E R

AND NOW, this 28th day of February, 2020, the Dauphin County Common Pleas Court's July 1, 2019 Final Determination is affirmed.

_____
ANNE E. COVEY, Judge